1

2  UNITED STATES DISTRICT COURT

3  EASTERN DISTRICT OF CALIFORNIA

4

5

6

7  LAWRENCE MASSEY,                    Case No. 1:13 cv 00633 AWI GSA PC

8              Plaintiff,

9  vs.                                 ORDER DISMISSING COMPLAINT AND
                                        GRANTING PLAINTIFF LEAVE TO FILE
10  I. TASI, et al.,                    AN AMENDED COMPLAINT

11              Defendants

12                                      AMENDED COMPLAINT DUE
                                        IN THIRTY DAYS

13

14  I.      **Screening Requirement**

15          Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil

16  rights  action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local

17  Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

18          The Court is required to screen complaints brought by prisoners seeking relief against a

19  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

20  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

21  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

22  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

23  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

24  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

25  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

26  1915(e)(2)(B)(ii).

27

28                                          1

"Rule 8(a)"'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff"'s claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff"'s factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat"'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    **Plaintiff's Claims**

Plaintiff, formerly an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Pleasant Valley State Prison in Coalinga, brings this civil rights action against defendant correctional officials employed by the CDCR at Coalinga.  Plaintiff names the following individual defendants: Correctional Officer (C/O) I. Tasi; C/O Martin, Sergeant C. Neal.  Plaintiff claims that he was subjected to discrimination based upon his sexual orientation and his ethnicity.  Plaintiff also claims that he was subjected to retaliation.

Plaintiff is African American and homosexual. Plaintiff alleges that on April 18, 2012, Defendant Tasi instructed the inmate responsible for food delivery to leave Plaintiff"'s tray on the floor in front of his cell.  When Plaintiff was released from his cell to report to the medical clinic to receive his medication, he and Defendant Tasi got into a verbal altercation regarding the food tray.  Plaintiff alleges that in retaliation for his rebuke of Tasi, and for reporting Tasi"'s conduct to Sgt. Neal, Tasi refused to open Plaintiff"'s cell to let him out for the evening meal and for the evening exercise yard.

The next day, Defendant Tasi arrived for work 15 minutes early, and went to look for Plaintiff.  Plaintiff alleges that Tasi subjected him to a "heavy handed" pat down search.  Tasi

made derogatory comments about Plaintiff''s sexual preference while conducting the pat down search.  Tasi also confiscated certain items of Plaintiff''s personal property.  Plaintiff went to the program office in order to speak with Sgt. Neal.  Plaintiff alleges that, in the presence of Sgt. Neal and C/O Martin, Tasi began yelling at Plaintiff, trying to goad him into a fight.  Plaintiff claims that this conduct indicates "Tasi''s class-based invidiously discriminatory animus towards the Plaintiff" based on his ethnicity and sexual preference.

A.     <u>**Equal Protection**</u>

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985); <u>Shakur v. Schriro</u>, 514 F.3d 878, 891 (9th Cir. 2008).  A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of plaintiff''s membership in a protected class. <u>Comm. Concerning Cmty. Improvement v. City of Modesto</u>, 583 F.3d 960, 702-03 (9th Cir. 2009); <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, <u>Engquist v. Oregon Dept. of Agr.</u>, 553 U.S. 591, 601-02 (2008); <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>Lazy Y Ranch Ltd. v. Behrens</u>, 546 F.3d 580, 592 (9th Cir. 2008); <u>North Pacifica LLC v. City of Pacifica</u>, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has failed to allege facts that satisfy the above standard.  Plaintiff has not alleged any conduct on the part of any of the named defendants indicating that he was intentionally discriminated against based on his membership in a protected class.  The only conduct charged to Defendant Tasi is that he ordered Plaintiff''s food tray to be set on the floor, he engaged in a verbal altercation with Plaintiff, and he caused Plaintiff to miss an evening meal and an evening exercise yard.  Plaintiff has not alleged any facts indicating that he was deprived of a protected interest, nor does Plaintiff allege any objective facts indicating that he was subjected to an equal protection violation.  Plaintiff bases his subjective belief on Tasi''s verbal conduct. Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.

3

Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  This claim must therefore be dismissed.

**B.**     **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim.  Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Here, Plaintiff has failed to allege any facts indicating that his First Amendment activities were in any way chilled.  That Plaintiff missed an evening meal and an evening exercise yard, of itself, fails to state a claim for retaliation.  Plaintiff' subjective belief that Tasi subjected him to a pat down search in retaliation for his exercise of his First Amendment conduct is a conclusory allegation.   The Fourth Amendment protects prisoners from unreasonable searches, including the invasion of bodily privacy.  Bull v. City and County of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988).  Reasonableness is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights that the search entails.  Bell v. Wolfish, 441 U.S. 520, 558-59 (1979)(quotations omitted); Bull, 595 F.3d at 971-72; Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010).  A single pat down search, whatever the motivation, fails to state a claim for retaliation.

**C.      Property Deprivation**

Prisoners have a protected interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see  Hudson v. Palmer, 468 U.S. 517, 532,  n.13 (1984)(citing Logan v. Zimmerman Brush Co., 455 U.S. 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson, 468 U.S. at 533.

California law provides an adequate  post-deprivation remedy for any property deprivations.  See Ca. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).  California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to the suit.  State v. Superior Court of Kings County Bodde, 32 Cal. 4th 1243, 1245 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477.

To the extent that Plaintiff alleges the confiscation of his property was unauthorized and intentional, Plaintiff's remedy would be found under California law.  Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law.  Plaintiff's property claim should therefore be dismissed.

Plaintiff has failed to state a claim for relief under 42 U.S.C. §1983.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be      established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  <u>Id.</u> (quoting <u>Johnson</u> at 743-44).  Plaintiff has not specifically charged each defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff.  Plaintiff may not hold defendants liable simply by alleging a serious medical condition and then charge defendants with the vague allegation that they neglected her condition. Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm.  Plaintiff has failed to do so here.  The complaint should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

**III.    <u>Conclusion and Order</u>**

The Court has screened Plaintiff's complaint and finds that it does not state any claims

6

Upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Hydrick</u>, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send to Plaintiff a complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.  Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 29, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

8